Anne B. Sekel
Foley & Lardner LLP
90 Park Avenue
New York, NY 10016
Phone: (212) 682-7474
Fax: (212) 687-2329

*Attorneys for Plaintiffs*
*Sebela International Limited,*
*Sebela Ireland Limited, and*
*Sebela Pharmaceuticals Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| SEBELA INTERNATIONAL LIMITED, SEBELA IRELAND LIMITED, and SEBELA PHARMACEUTICALS INC., | Case No. _____ |
| Plaintiffs, | **DEMAND FOR JURY TRIAL** |
| vs. | |
| PRINCETON PHARMACEUTICAL INC., SOLCO HEALTHCARE U.S. LLC., and HUAHAI U.S. INC., | |
| Defendants. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Sebela International Limited, Sebela Ireland Limited, and Sebela

Pharmaceuticals Inc. (collectively, "Sebela" or "Plaintiffs"), in their Complaint of patent

infringement against Defendants Prinston Pharmaceutical Inc., Solco Healthcare U.S. LLC, and

Huahai U.S. Inc. (collectively, "Prinston" or "Defendants"), state as follows:

## THE PARTIES

1.      Plaintiff Sebela International Limited is an Irish company resident in Bermuda

with offices located at H.P. House, 21 Laffan Street, Hamilton HM09, Bermuda.

4829-6029-8827.1

2.      Plaintiff Sebela Ireland Limited is an Irish company with offices located at 3rd floor, West Wing, Adelaide Chambers, Peter Street, Dublin 8.

3.      Plaintiff Sebela Pharmaceuticals Inc. is a Delaware corporation with offices located at 645 Hembree Parkway, Suite I, Roswell, Georgia 30076.

4.      Upon information and belief, Defendant Prinston Pharmaceutical Inc. is a Delaware corporation with a principal place of business at 2002 Eastpark Boulevard, Cranbury, New Jersey 08512.

5.      Upon information and belief, Defendant Solco Healthcare U.S. LLC is a Delaware corporation with a principal place of business at 2002 Eastpark Boulevard, Cranbury, New Jersey 08512.

6.      Upon information and belief, Defendant Huahai U.S. Inc. is a New Jersey corporation with a principal place of business at 2002 Eastpark Boulevard, Cranbury, New Jersey 08512.

7.      Upon information and belief, Defendant Solco Healthcare U.S. LLC is the ultimate parent company for each of Defendants Prinston Pharmaceutical Inc. and Huahai U.S. Inc.

### NATURE OF THE ACTION

8.      This is a civil action for patent infringement of U.S. Patent No. 9,393,237 (the "'237 patent") (the "patent-in-suit"), arising under the United States Patent Laws, Title 35, United States Code § 100, *et. seq.*, and in particular under 35 U.S.C. § 271.

9.      This action relates to Abbreviated New Drug Application ("ANDA") No. 207188, which Defendants filed or caused to be filed under 21 U.S.C. § 355(j) with the United States Food and Drug Administration ("FDA"), for approval to market a proposed drug product,

2

Paroxetine Capsules, 7.5 mg ("Prinston's ANDA Product"), which is a generic copy of

Plaintiffs' BRISDELLE® product, which is sold in the United States.

## JURISDICTION AND VENUE

10.     This is a civil action for patent infringement and declaratory judgment arising

under the Patent Laws of the United States, including 35 U.S.C. § 271, and the Declaratory

Judgment Act, 28 U.S.C. §§ 2201 and 2202.

11.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a),

2201, and 2202.

12.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

13.     This Court has personal jurisdiction over Defendants because, *inter alia*,

Defendants, on information and belief: (1) have substantial, continuous, and systematic contacts

within the State of New Jersey; (2) intend to market, sell, and/or distribute Prinston's ANDA

Product to the residents of the State of New Jersey; (3) maintain a principal place of business in

this State; (4) maintain a broad distribution network within this State; and/or (5) enjoy substantial

income from sales of its generic pharmaceutical product in this State.

14.     On information and belief, Prinston Pharmaceutical Inc. has substantial,

continuous, and systematic contacts with the State of New Jersey including Prinston

Pharmaceutical Inc.'s engagement in direct marketing, distribution, and/or sale of generic

pharmaceutical drugs within the State of New Jersey.

15.     On information and belief, Prinston Pharmaceutical Inc. is in the business of

preparing, manufacturing, importing, and distributing pharmaceutical products, including generic

drugs for sale and use throughout the United States, including the State of New Jersey.

3

16.     Prinston Pharmaceutical Inc. states on its website that it engages in "developing, sales & marketing of generic pharmaceutical products in North American markets," and has "launched 10 products in US." (http://www.prinstonpharma.com accessed on June 29, 2017.)

17.     On information and belief, Prinston Pharmaceutical Inc., and/or its subsidiaries, affiliates or agents, intends to engage in the commercial manufacture of Prinston's ANDA Product before the expiration of the '237 patent throughout the United States, including in this Judicial District, and to derive substantial revenue therefrom.

18.     On information and belief, Prinston Pharmaceutical Inc., and/or its subsidiaries, affiliates or agents, intends to place Prinston's ANDA Product into the stream of commerce with the reasonable expectation or knowledge and the intent that such product will be purchased and used by consumers in this Judicial District.

19.     On information and belief, Prinston Pharmaceutical Inc. regularly conducts and/or solicits business in the State of New Jersey, engages in other persistent courses of conduct in this State, and/or derives substantial revenues from the services or products used or consumed in the State of New Jersey.

20.     On information and belief, Prinston Pharmaceutical Inc. maintains at least a physical office space at 2002 Eastpark Boulevard, Cranbury, New Jersey 08512, and has at least one registered telephone connection.

21.     On information and belief, Prinston Pharmaceutical Inc. has several employees at its Cranbury office location.

22.     Prinston Pharmaceutical Inc. has previously submitted to the jurisdiction of this Court and has availed itself of the legal protections of the State of New Jersey, having asserted counterclaims in this jurisdiction, including in the related matters of *Sebela International Limited*

4

*v. Prinston Pharmaceutical Inc. et al.*, C.A. Nos. 14-cv-7400-CCC-MF (D.N.J.) and 15-cv-5308-CCC-MF (D.N.J.) (consolidated under the lead case *In re Sebela Patent Litigation*, C.A. No. 14-cv-6414-CCC-MF (D.N.J.)).

23.    On information and belief, Prinston Pharmaceutical Inc. holds a current and valid New Jersey "Wholesale" drug registration as the parent company under License No. 5004252.

24.    On information and belief, Prinston Pharmaceutical Inc. is registered with the New Jersey Department of Treasury under the business entity identification number 0101017010.

25.    On information and belief, Solco Healthcare U.S. LLC has substantial, continuous, and systematic contacts with the State of New Jersey including Solco Healthcare U.S. LLC's engagement in direct marketing, distribution, and/or sale of generic pharmaceutical drugs within the State of New Jersey.

26.    On information and belief, Solco Healthcare U.S. LLC is in the business of preparing, manufacturing, importing, and distributing pharmaceutical products, including generic drugs for sale and use throughout the United States, including the State of New Jersey.

27.    Prinston Pharmaceutical Inc. states on its website that Solco Healthcare U.S. LLC is the "U.S. sales and marketing division of Prinston Pharmaceutical Inc.," has "FDA-approved manufacturing capabilities," and brings "generic pharmaceutical products to the U.S. market." (http://www.prinstonpharma.com/Subsidiary.html, last accessed on June 29, 2017.)

28.    On information and belief, Solco Healthcare U.S. LLC, and/or its subsidiaries, affiliates or agents, intends to engage in the distribution of Prinston's ANDA Product before the expiration of the '237 patent throughout the United States, including in this Judicial District, and to derive substantial revenue therefrom.

4829-6029-8827.1

29.     On information and belief, Solco Healthcare U.S. LLC, and/or its subsidiaries, affiliates or agents, intends to place Prinston's ANDA Product into the stream of commerce with the reasonable expectation or knowledge and the intent that such product will be purchased and used by consumers in this Judicial District.

30.     On information and belief, Solco Healthcare U.S. LLC regularly conducts and/or solicits business in the State of New Jersey, engages in other persistent courses of conduct in this State, and/or derives substantial revenues from the services or products used or consumed in the State of New Jersey.

31.     On information and belief, Solco Healthcare U.S. LLC maintains at least a physical office space at 2002 Eastpark Boulevard, Cranbury, New Jersey 08512, and has at least one registered telephone connection.

32.     On information and belief, Solco Healthcare U.S. LLC has several employees at its Cranbury office location.

33.     Solco Healthcare U.S. LLC has previously submitted to the jurisdiction of this Court and has availed itself of the legal protections of the State of New Jersey, having asserted counterclaims in this jurisdiction, including in the related matters of *Sebela International Limited v. Prinston Pharmaceutical Inc. et al.*, C.A. Nos. 14-cv-7400-CCC-MF (D.N.J.) and 15-cv-5308-CCC-MF (D.N.J.) (consolidated under the lead case *In re Sebela Patent Litigation*, C.A. No. 14-cv-6414-CCC-MF (D.N.J.)).

34.     On information and belief, Solco Healthcare U.S. LLC holds Princeton Pharmaceutical Inc.'s current and valid New Jersey "Wholesale" drug registration as the trade name company under License No. 5004252

35.     On information and belief, Solco Healthcare U.S. LLC is registered with the New Jersey Department of Treasury under the business entity identification number 0600384729.

36.     On information and belief, Huahai US Inc. has substantial, continuous, and systematic contacts with the State of New Jersey including Huahai US Inc.'s engagement in direct marketing, distribution, and/or sale of generic pharmaceutical drugs within the State of New Jersey.

37.     On information and belief, Huahai US Inc. is in the business of preparing, manufacturing, importing, and distributing pharmaceutical products, including generic drugs for sale and use throughout the United States, including the State of New Jersey.

38.     Huahai US Inc. states that it provides API for the Zhejiang Huahai Pharmaceutical Co., Ltd. group of companies and markets "generic finished dosage products through the subsidiary company, Prinston Pharmaceutical Inc," and that it "assisted Prinston Pharmaceutical Inc. to get over 15 ANDAs approved by FDA." (http://www.huahaius.com/history.html, last accessed on June 29, 2017.)

39.     On information and belief, Huahai US Inc., and/or its subsidiaries, affiliates or agents, intends to engage in the commercial manufacture, use, sale, and/or distribution of Prinston's ANDA Product before the expiration of the '237 patent throughout the United States, including in this Judicial District, and to derive substantial revenue therefrom.

40.     On information and belief, Huahai US Inc., and/or its subsidiaries, affiliates or agents, intends to place Prinston's ANDA Product into the stream of commerce with the reasonable expectation or knowledge and the intent that such product will be purchased and used by consumers in this Judicial District.

7

41.     On information and belief, Huahai US Inc. regularly conducts and/or solicits business in the State of New Jersey, engages in other persistent courses of conduct in this State, and/or derives substantial revenues from the services or products used or consumed in the State of New Jersey.

42.     On information and belief, Huahai US Inc. maintains physical office spaces at 2001 and 2002 Eastpark Boulevard, Cranbury, New Jersey 08512, and has at least one registered telephone connection.

43.     On information and belief, Huahai US Inc. has several employees at its Cranbury location.

44.     On information and belief, Huahai US Inc. has previously submitted to the jurisdiction of this Court and has availed itself of the legal protections of the State of New Jersey, having asserted counterclaims in this jurisdiction, including for example in the related matters of *Sebela International Limited v. Prinston Pharmaceutical Inc. et al.*, C.A. Nos. 14-cv-7400-CCC-MF (D.N.J.) and 15-cv-5308-CCC-MF (D.N.J.) (consolidated under the lead case *In re Sebela Patent Litigation*, C.A. No. 14-cv-6414-CCC-MF) (D.N.J.)).

45.     On information and belief, Huahai US Inc. is incorporated in the State of New Jersey.

46.     On information and belief, Huahai US Inc. is registered with the New Jersey Department of Treasury as a domestic corporation under the business entity identification number 0100931368.

47.     On information and belief, Defendants operate as a unitary entity for the purposes of manufacturing, marketing, selling, and/or distribution of generic pharmaceutical products, as

8

evidenced by their sharing at least one common office location at 2002 Eastpark Boulevard, Cranbury, New Jersey 08512.

48.     On information and belief, Defendants collectively share common directors, officers, and facilities, operate as agents or alter egos of each other, and act in concert in the design, development, manufacture, distribution, and sale of pharmaceutical products throughout the United States, including in this Judicial District.

49.     Defendants have committed, aided, abetted, contributed to, and/or participated in the commission of a tortious act of patent infringement under 35 U.S.C. § 271(e)(2) that have led and/or will lead to foreseeable harm and injury to Plaintiffs.

50.     Defendants participated in the preparation, development, and filing of ANDA No. 207188, and its underlying subject matter, which occurred in the State of New Jersey, with the intent to market, sell, and/or distribute Prinston's ANDA Product to the residents of the State of New Jersey.  Plaintiffs' cause of action arose from Defendants' contact with the State of New Jersey.

<u>**BRISDELLE**</u>®

51.     Plaintiff Sebela Ireland Limited is the holder of New Drug Application ("NDA") No. 204516 for the manufacture and sale of paroxetine mesylate capsules, which Plaintiffs market and sell under the registered trademark BRISDELLE®.  The FDA approved NDA No. 204516 on June 28, 2013.

52.     Plaintiff Sebela Pharmaceuticals Inc. sells and distributes BRISDELLE® throughout the United States pursuant to NDA No. 204516.

53.     BRISDELLE® is indicated for the treatment of moderate to severe vasomotor symptoms (VMS) associated with menopause, and in the Dosage and Administration Section the

9

recommended dosage of BRISDELLE® for the treatment of moderate to severe VMS is 7.5 mg once daily, at bedtime, with or without food. A copy of the April 2017 BRISDELLE® Label is attached as Exhibit A.

## PATENT-IN-SUIT

54. The '237 patent, entitled "Method of Treating Thermoregulatory Dysfunction with Paroxetine," was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on July 19, 2016. A copy of the '237 patent is attached as Exhibit B.

55. Pursuant to Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 355(b)(1) ("FFD&C Act") and corresponding FDA regulations, Noven Therapeutics LLC, the predecessor of Plaintiffs, listed the '237 patent in the FDA's Approved Drug Products with Therapeutic Equivalence Evaluations (the "Orange Book") for BRISDELLE® (NDA No. 204516).

56. Plaintiff Sebela International Limited is the legal owner of all title, right, and interest in and to the '237 patent by assignment and therefore has the full right to sue and recover for the infringement thereof. Plaintiff Sebela Ireland Limited is the beneficial owner of the '237 patent and has an exclusive license to the patent.

57. Claim 1 of the '237 patent is directed, *inter alia*, to a method of treating a female patient suffering from thermoregulatory dysfunction associated with menopause, consisting of administering a dosage form of paroxetine to said patient in an amount, based on the paroxetine moiety, of 7.5 mg/day.

58. The Indications and Usage and Administration Sections in the approved labeling of BRISDELLE® necessarily instruct medical personnel to perform the steps of the claimed method of the '237 patent.

10

59.     The use of BRISDELLE® in accordance with its approved labeling by medical personnel necessarily results in the performance of each of the claimed method steps of the '237 patent.

## DEFENDANTS' ANTICIPATED LAUNCH OF THEIR ANDA PRODUCT

60.     On information and belief, Prinston Pharmaceutical Inc. was first to file an ANDA for a generic copy of Plaintiffs' BRISDELLE® product, with ANDA No. 207188 having been filed on July 7, 2014, as evidenced by the FDA's website on ANDAs and paragraph IV certifications.  (Available at

https://www.fda.gov/drugs/developmentapprovalprocess/howdrugsaredevelopedandapproved/approvalapplications/abbreviatednewdrugapplicationandagenerics/ucm047676.htm, last accessed July 2, 2017) (indicating 4/7/2014 as the date of the first filer for BRISDELLE®).

61.     On information and belief, Actavis Laboratories FL, Inc. ("Actavis FL") subsequently filed ANDA No. 207139 for a generic copy of Plaintiffs' BRISDELLE® product. (Approved labelling of Actavis FL's ANDA Product, attached as Exhibit C.)

62.     On or about June 20, 2017, Actavis FL received approval for its ANDA No. 207139 for Paroxetine Capsules, 7.5 mg and continues to have such approval.

63.     Plaintiffs did not receive notice of loss of 180-day exclusivity status by Prinston as the first-filer.

64.     On information and belief, FDA's approval for Prinston's ANDA Product is imminent.

65.     On June 26, 2017, counsel for Plaintiffs approached counsel for Defendants asking for a two week notice period prior to any anticipated launch of Prinston's ANDA Product.

66. On June 27, 2017, counsel for Defendants responded that Defendants "will not at this time agree to provide two weeks' notice prior to launch."

67. On information and belief, Defendants, and/or their subsidiaries, affiliates or agents, intend to engage in the commercial manufacture, use, and/or sale of Prinston's ANDA Product, upon imminent receipt of FDA approval, before the expiration of the '237 patent throughout the United States, including in this Judicial District, and to derive substantial revenue therefrom.

68. On information and belief, Defendants, and/or its subsidiaries, affiliates or agents, intend to place Prinston's ANDA Product, upon imminent receipt of FDA approval, into the stream of commerce with the reasonable expectation or knowledge and the intent that such product will be purchased and used by consumers in this Judicial District.

69. Defendants' anticipated commercial manufacture, use, sale, offer for sale, or importation of Prinston's ANDA Product, upon imminent receipt of FDA approval, will infringe the patent-in-suit under 35 U.S.C. § 271(a), (b), and/or (c).

## COUNT I:  INFRINGEMENT OF U.S. PATENT NO. 9,393,237

70. Plaintiffs repeat and reallege Paragraphs 1-69 above as if fully set forth herein.

71. Defendants filed ANDA No. 207188 with the FDA.  ANDA No. 207188 identified Plaintiffs' BRISDELLE® product and included a written certification, as required by FFD&C Act 21 U.S.C. § 355(j)(2)(A)(vii)(IV) (the "Paragraph IV certification"), alleging that the claims of the '237 patent are invalid or otherwise will not be infringed by Prinston's ANDA Product.

72. On or about December 20, 2016,  Defendants provided a letter purporting to be a written notice to Plaintiffs that Defendants filed ANDA No. 207188 prior to the expiration of the

'237 patent, pursuant to FFD&C Act 21 U.S.C. § 355(j)(2)(B)(iv) (the "Paragraph IV letter").

The Paragraph IV letter included notice of Defendants' allegations that the '237 patent is invalid and/or not infringed by Defendants' generic product.

73.     On information and belief, Defendants submitted ANDA No. 207188 to the FDA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Prinston's ANDA Product.

74.     On information and belief, Prinston's ANDA Product has the same use as BRISDELLE®, at least because Defendants' ANDA No. 20788 refers to and relies upon Plaintiffs' NDA No. 204516 for BRISDELLE®.

75.     On information and belief, the proposed labeling of Prinston's ANDA Product must be a copy of the approved labeling of Plaintiffs' BRISDELLE® product in order to obtain FDA approval.

76.     On information and belief, the Indications and Usage and Administration Sections in the proposed labeling of Prinston's ANDA Product would necessarily instruct medical personnel to perform the steps of at least claim 1 of the '237 patent.

77.     The use of Prinston's ANDA Product in accordance with its proposed labeling by medical personnel necessarily infringes at least claim 1 of the '237 patent.

78.     On information and belief, Defendants collaborated with each other and/or participated in and/or directed activities related to the submission of ANDA No. 207188 and the development of Prinston's ANDA Product.

79.     On information and belief, Prinston Pharmaceutical Inc. was actively involved in preparing the ANDA, and/or intends to directly benefit from, and has a financial stake in the approval of ANDA No. 207188.

13

80. On information and belief, Prinston Pharmaceutical Inc. will be involved in the manufacture and/or marketing of Prinston's ANDA Product upon imminent receipt of FDA approval.

81. On information and belief, Solco Healthcare U.S., LLC will be involved in the sales, distribution and/or marketing of Prinston's ANDA Product upon approval.

82. On information and belief, Huahai US Inc. was actively involved in the development of Prinston's ANDA Product.

83. On information and belief, Huahai US Inc. will be involved in the distribution and/or marketing of Prinston's ANDA Product upon imminent receipt of FDA approval.

84. Defendants' submission of ANDA No. 207188 and its Paragraph IV certification for FDA approval to commercially manufacture, use, sell, offer to sell, or import the generic product prior to the expiration of the '237 patent constitutes infringement under 35 U.S.C. § 271(e)(2).

85. On information and belief, Defendants will infringe the '237 patent under 35 U.S.C. § 271(a) by making, using, selling, offering to sell, or importing Prinston's ANDA Product in the United States during the term of the '237 patent.

86. On information and belief, Defendants will induce infringement of the '237 patent under 35 U.S.C. § 271(b) by intentionally encouraging, aiding and abetting acts of direct infringement of the '237 patent, with knowledge of said patent and said infringement, upon the anticipated commercial manufacture, use, sale, offer for sale, or importation of Prinston's ANDA Product throughout the United States.

87. On information and belief, Defendants will contributorily infringe the '237 patent under 35 U.S.C. § 271(c) by making, using, selling, offering to sell, or importing the generic

14

product in the United States, with knowledge of the '237 patent and that there is no substantial non-infringing use of Prinston's ANDA Product, upon its anticipated commercial manufacture, use, sale, offer for sale, or importation throughout the United States.

88.    Pursuant to 35 U.S.C. § 283 and 35 U.S.C. § 271(e)(4)(B), Plaintiffs are entitled to a permanent injunction against further infringement.  Plaintiffs will be substantially and irreparably harmed if Defendants' direct, induced, and contributory infringement of the '237 patent is not enjoined.  Further, Plaintiffs do not have an adequate remedy at law.

89.    Defendants were aware of the '237 patent at least as of December 20, 2017, as well as the statutory provisions and regulations set forth in 21 U.S.C. § 355 and 21 C.F.R. § 314.95, and will be acting without a reasonable basis for a good faith belief that they would not be liable for infringing the '237 patent, if they launch Prinston's ANDA Product upon imminent receipt of FDA approval.

## COUNT II:  DECLARATORY JUDGMENT OF INFRINGEMENT OF U.S. PATENT NO. 9,393,237

90.    Plaintiffs repeat and reallege Paragraphs 1-89 above as if fully set forth herein.

91.    This claim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

92.    There is an actual case or controversy such that the Court may hear Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution, and that actual case or controversy requires a declaration of rights by this Court.

93.    On information and belief, Defendants will infringe one or more of the claims of the '237 patent by engaging to manufacture, use, sell, offer to sell, or import Prinston's ANDA Product within the United States, including the State of New Jersey, prior to the expiration of the '237 patent upon imminent receipt of FDA approval.

15

4829-6029-8827.1

94.    On information and belief, unless enjoined by this Court, Defendants plan and intend to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Prinston's ANDA Product with its proposed labeling at any time upon imminent receipt of FDA approval.

95.    On information and belief, Defendants' anticipated manufacture, use, sale, offer to sell, or importation of Prinston's ANDA Product prior to the expiration of the '237 patent will constitute direct, induced, and contributory infringement of at least claim 1 of the '237 patent under 35 U.S.C. §§ 271(a), (b), and (c).

96.    On information and belief, by seeking approval to distribute Prinston's ANDA Product with its approved labeling, Defendants specifically intend to cause others, specifically for example, medical professionals, to perform acts that Defendants know will infringe at least claim 1 of the '237 patent.

97.    On information and belief, unless enjoined by this Court, Defendants plan and intend to, and will actively induce infringement of at least claim 1 of the '237 patent by launching Prinston's ANDA Product upon imminent receipt of FDA approval.

98.    On information and belief, Defendants know that Prinston's ANDA Product and its approved labeling are specifically made or adapted for use in infringing one or more claims of the '237 patent, and that Prinston's ANDA Product and its proposed labeling are not suitable for any substantial noninfringing use.

99.    Plaintiffs will be irreparably harmed if Defendants are not enjoined from infringing the '237 patent.  Plaintiffs do not have an adequate remedy at law and Defendants' acts will continue unless enjoined by this Court.

100.    Plaintiffs are entitled to a declaratory judgment that Defendants' anticipated manufacture, use, sale, offer to sell, or importation of Prinston's ANDA Product prior to the expiration of the '237 patent upon imminent receipt of FDA approval will constitute direct, induced, and contributory infringement of the '237 patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for:

A.    A judgment that Defendants have infringed the '237 patent under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 207188 relating to Prinston's ANDA Product before the expiration of the '237 patent;

B.    A judgment that the commercial manufacture, use, sale, offer for sale, and/or importation of Prinston's ANDA Product under approved ANDA No. 207188 will infringe the '237 patent;

C.    A judgment declaring that the '237 patent remains valid and enforceable;

D.    An injunction under 35 U.S.C. § 271(e)(4)(A), 35 U.S.C. § 271(e)(4)(B), and/or 35 U.S.C. § 283, permanently enjoining Defendants, their officers, agents, servants, employees, licensees, representatives, attorneys, and all other persons acting or attempting to act in active concert or participation with them or acting on their behalf, from engaging in the commercial manufacture, use, sale, offer to sell, and/or importation within the United States, of any pharmaceutical product covered by the '237 patent;

E.    A declaration under 28 U.S.C. § 2201 that if Defendants, their officers, agents, servants, employees, licensees, representatives, attorneys, and all other persons acting or attempting to act in active concert or participation with them or acting on their behalf, engage in the commercial manufacture, use, sale, offer to sell, and/or importation within the United States,

17

4829-6029-8827.1

of Prinston's ANDA Product prior to the expiration of the '237 patent, such acts will constitute

direct and/or indirect infringement of the '237 patent;

F.      An award of damages or other monetary relief under 35 U.S.C. § 271(e)(4)(C);

G.      An award of damages or other monetary relief in any amount according to proof,

and in any event no less than a reasonable royalty under 35 U.S.C. § 284;

H.      A finding that this is an exceptional case under 35 U.S.C. § 285, and that

Plaintiffs be awarded reasonable attorneys' fees and costs; and

I.      An award of any such other and further relief as the Court may deem just and

proper.

## DEMAND FOR JURY TRIAL

Plaintiffs Sebela International Limited, Sebela Ireland Limited, and Sebela

Pharmaceuticals Inc. respectfully request a trial by jury.

Dated: July 6, 2017                       Respectfully submitted,

                                          */s/ Anne B. Sekel*
                                          Anne B. Sekel
                                          FOLEY & LARDNER LLP
                                          90 Park Avenue
                                          New York, NY 10016
                                          Phone: (212) 682-7474
                                          asekel@foley.com

18

*Of Counsel*:

Steven J. Rizzi
Ramy E. Hanna
Jayita Guhaniyogi
FOLEY & LARDNER LLP
90 Park Avenue
New York, NY 10016
Phone: (212) 682-7474
srizzi@foley.com
rhanna@foley.com
jguhaniyogi@foley.com

Liane M. Peterson
Ryan A. Schmid
FOLEY & LARDNER LLP
3000 K Street N.W., Ste. 600
Washington, DC 20007
Phone: (202) 672-5300
lpeterson@foley.com
rschmid@foley.com

R. Jan Pirozzolo-Mellowes
FOLEY & LARDNER LLP
777 E. Wisconsin Avenue
Milwaukee, WI 53202
Phone: (414) 271-2400
rpirozzolo-mellowes@foley.com

*Attorneys for Plaintiffs*
*Sebela International Limited,*
*Sebela Ireland Limited, and*
*Sebela Pharmaceuticals Inc.*

19

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

Pursuant to Local Civil Rule 11.2, I, Anne B. Sekel, admitted to the bars of the State of New Jersey, State of New York, the United States District Court for the Southern District of New York, the United States District Court for the Eastern District of New York, and in this Court, and an attorney-at-law in the law firm of Foley & Lardner LLP representing Plaintiffs Sebela International Limited, Sebela Ireland Limited, and Sebela Pharmaceuticals Inc. in the above-captioned matter, hereby certify that the matter in controversy is related to the following action before the United States District Court for the District of New Jersey: *In re Sebela Patent Litigation*, C.A. No. 14-cv-6414-CCC-MF (D.N.J.) (consolidated with C.A. Nos. 15-cv-6225-CCC-MF, 14-cv-7400-CCC-MF, and 15-cv-5308-CCC-MF); *Sebela International Limited v. Actavis Laboratories FL, Inc. et al.*, C.A. No. 17-cv-4789-CCC-MF (D.N.J.).

I certify under penalty of perjury that the foregoing is true and correct.


Dated: July 6, 2017

Respectfully submitted,

*/s/ Anne B. Sekel*
Anne B. Sekel
FOLEY & LARDNER LLP
90 Park Avenue
New York, NY 10016
Phone: (212) 682-7474
asekel@foley.com

*Of Counsel*:

Steven J. Rizzi
Ramy E. Hanna
Jayita Guhaniyogi
FOLEY & LARDNER LLP
90 Park Avenue
New York, NY 10016
Phone: (212) 682-7474
srizzi@foley.com

20

4829-6029-8827.1

rhanna@foley.com
jguhaniyogi@foley.com

Liane M. Peterson
Ryan A. Schmid
FOLEY & LARDNER LLP
3000 K Street N.W., Ste. 600
Washington, DC 20007
Phone: (202) 672-5300
lpeterson@foley.com
rschmid@foley.com


R. Jan Pirozzolo-Mellowes
FOLEY & LARDNER LLP
777 E. Wisconsin Avenue
Milwaukee, WI 53202
Phone: (414) 271-2400
rpirozzolo-mellowes@foley.com

*Attorneys for Plaintiffs*
*Sebela International Limited,*
*Sebela Ireland Limited, and*
*Sebela Pharmaceuticals Inc.*

21

4829-6029-8827.1

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 201.1

We hereby certify that the above-captioned matter is not subject to compulsory arbitration in that the plaintiff seeks, *inter alia*, injunctive relief.


Dated: July 6, 2017            Respectfully submitted,

*/s/ Anne B. Sekel*
Anne B. Sekel
FOLEY & LARDNER LLP
90 Park Avenue
New York, NY 10016
Phone: (212) 682-7474
asekel@foley.com

*Of Counsel*:

Steven J. Rizzi
Ramy E. Hanna
Jayita Guhaniyogi
FOLEY & LARDNER LLP
90 Park Avenue
New York, NY 10016
Phone: (212) 682-7474
srizzi@foley.com
rhanna@foley.com
jguhaniyogi@foley.com

Liane M. Peterson
Ryan A. Schmid
FOLEY & LARDNER LLP
3000 K Street N.W., Ste. 600
Washington, DC 20007
Phone: (202) 672-5300
lpeterson@foley.com
rschmid@foley.com


R. Jan Pirozzolo-Mellowes
FOLEY & LARDNER LLP
777 E. Wisconsin Avenue
Milwaukee, WI 53202
Phone: (414) 271-2400

22

rpirozzolo-mellowes@foley.com

*Attorneys for Plaintiffs*
*Sebela International Limited,*
*Sebela Ireland Limited, and*
*Sebela Pharmaceuticals Inc.*

4829-6029-8827.1